UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:26-cv-00048

———

**Phillip James Emerson, Jr.,**
*Petitioner,*

v.

**F. Duncan Thomas et al.,**
*Respondents.*

———

**O R D E R**

Petitioner, a former Wood County Jail inmate proceeding pro se, brought this habeas action to challenge the legality of two misdemeanor convictions. Doc. 1. The case was referred to a magistrate judge, who issued a report recommending that the action be dismissed without prejudice for lack of jurisdiction. Doc. 8 at 7. Petitioner filed written objections to that report.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Petitioner was sentenced to 30 days in jail in October 2024 for two misdemeanor convictions in Wood County, Texas. Doc. 8 at 2. The sentence expired well before petitioner filed his federal petition in January 2026. *See* Doc. 1. Thus, the magistrate judge recommended dismissal because the court lacks jurisdiction to entertain a petition from an individual who was not in custody at the

- 1 -

time the petition was filed. Doc. 8 at 3–6; *see also Zolicoffer v. U.S. Dept. of Just.*, 315 F.3d 538, 540 (5th Cir. 2003) (per curiam). Petitioner objects to the magistrate judge's finding that petitioner is not in custody. Specifically, petitioner argues that he is in custody because (1) there are two pending civil cases against petitioner seeking to recover bail bonds stemming from bond revocations, (2) one of his misdemeanor judgments includes an order of restitution that is enforceable through foreclosure proceedings, (3) he was previously punished for driving through an obstruction that blocks an easement to his home and that obstruction still exists, (4) petitioner's car has been stolen by the government, and (5) he is subject to a bond revocation order. Doc. 9 at 5–7.

These arguments are not compelling. The circumstances listed above do not constitute custody for purposes of the habeas statute. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) (stating that a petitioner is not in custody when he "suffers no present restraint from a conviction"); *see also* 28 U.S.C. § 2241(c)(3). Although physical confinement is unnecessary, custody requires at least some present condition on a petitioner's freedoms such as requirements to report to a parole officer or to refrain from certain activities. *Maleng*, 490 U.S. at 491. Here, the circumstances listed by defendant refer only to monetary penalties and the possibility of future custody, neither of which satisfies the custody requirement of the habeas statute. *See id.* at 492 (stating that the collateral consequences of a fully expired conviction do not constitute custody); *see also Cottone v. Jeter*, 231 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (unpublished) (holding that restitution "did not satisfy the 'in custody' requirement"). Thus, the magistrate judge did not err in finding that petitioner was not in custody for purposes of this habeas action.

The petitioner's remaining arguments are not material to the dispositive issue of whether he was in custody at the time he filed his petition. Accordingly, those objections are overruled.

Having reviewed the magistrate judge's report de novo and being satisfied that there is no error, the court accepts the report's

findings and recommendations. This case is dismissed without prejudice for lack of subject-matter jurisdiction. A certificate of appealability is denied sua sponte. Any pending motions are denied as moot.

*So ordered by the court on March 19, 2026.*

J. CAMPBELL BARKER
United States District Judge